EL PUEBLO, DEMANDANTE Y APELADO, *v.* FERNÁNDEZ ET AL., ACUSADOS Y APELANTES.

APELACIÓN procedente de la Corte de Distrito de Ponce en causa por infracción del artículo 362 del Código Penal.

No. 1086.—Resuelto en diciembre 12, 1916.

REUNIÓN ILÍCITA—PELEA DE GALLOS—CRUELDAD CON LOS ANIMALES.—Una pelea de gallos es un acto ilegal como prohibido y penado por la sección 5ª. de la ley para impedir la crueldad con los animales, y por tanto la reunión de varias personas para llevar a efecto peleas de gallos, separándose después sin realizarlas, cae bajo el artículo 362 del Código Penal.

ID.—PELEA DE GALLOS—ESPECTADORES.—No es un acto ilegal dentro del artículo 362 del Código Penal el ser un mero espectador en una reunión de varias personas para llevar a efecto peleas de gallos.

ID.—PRUEBA DE ESTAR EL ACUSADO DENTRO DE UNA GALLERA.—El hecho de estar los acusados dentro de una gallera cuando llegó la policía no demuestra que se hubieran reunido con el propósito de iniciar, promover o echar una pelea de gallos o de realizar actos de ayudante, árbitro o principal o para tomar parte en alguna pelea o para ayudar a ella.

ID.—PRUEBA DE TENER UNA GALLERA—GALLOS DE PELEA.—El mero hecho de tener una gallera y de encontrarse dentro de ella algunos gallos preparados para pelear y algunas personas allí reunidas, no lleva necesariamente a la conclusión de que estaban reunidas con el objeto de realizar alguno de los actos que según la ley constituyen el acto ilegal de jugar gallos.

Los hechos están expresados en la opinión.

Abogado de los apelantes: *Sr. Leopoldo Tormes.*

Abogado del apelado: *Sr. Salvador Mestre, Fiscal.*

EL JUEZ ASOCIADO SR. ALDREY, emitió la opinión del tribunal.

Los tres apelantes en este caso, Santiago Fernández, Mariano Camacho y Juan Santiago, fueron denunciados en unión de otros ante la Corte Municipal de Ponce por infracción del artículo 362 del Código Penal, inputándoseles que con la intención de violar la ley sobre crueldad con los animales llevando adelante una pelea de gallos, se reunieron en una finca de Juan Santiago, separándose sin haber reali-

zado dicho acto ilegal; y habiendo sido condenados en grado de apelación por la Corte de Distrito de Ponce, establecieron este recurso de apelación.

En el caso de *El Pueblo* v. *Torres,* 23 D. P. R. 378, considerando los méritos de una denuncia idéntica a la que se hace contra estos apelantes y en la que tampoco se alegaba que los acusados o alguno de ellos había de ser mero espectador de las peleas de gallos, declaramos que "una pelea de gallos era un acto ilegal, como prohibido y penado por la sección 5ª. de la ley para impedir la crueldad con los animales, y, por tanto, la reunión de varias personas para llevar a efecto peleas de gallos, separándose después sin realizarlas, cae bajo el artículo 362 ya transcrito del Código Penal," con lo cual queda contestada la alegación de los apelantes de que la denuncia no les imputa la comisión de un delito. Pero como en el presente caso se nos ha presentado una exposición de las pruebas que se practicaron en el juicio, la otra cuestión que se plantea es si con ella se demostró que los apelantes se reunieron para llevar a efecto una pelea de gallos, aunque se separaran sin realizarla.

No hay duda alguna de que los apelantes fueron encontrados por la policía dentro de un local destinado a verificar peleas de gallos y que algunas de estas aves fueron ocupadas allí; pero como hemos declarado en el caso de *El Pueblo* v. *Ramírez,* 18 D. P. R. 272, que el hecho de concurrir a una pelea de gallos como espectador no es constitutivo de infracción a la sección 5ª. de la ley para impedir la crueldad con los animales, sino que para que exista el delito es necesario que la persona acusada haya iniciado, instigado, promovido o echado la pelea de gallos, que haya realizado algún acto de ayudante, árbitro o principal, o que en alguna forma haya tomado parte para llevarlo a efecto, o que haya ayudado a que se realizase la riña de gallos o de otras aves, perros, toros u otros animales, habiéndose premeditado dicha riña por el dueño o por el que tuviere bajo su custodia dichas

aves o animales, la cuestión entonces en este caso es la de si hay prueba de que los apelantes tuvieron otra participación que no fuera la de meros espectadores, porque si únicamente como tales estaban allí reunidos, entonces no han cometido el delito de que han sido declarados culpables, ya que el artículo 362 citado lo que pena es el reunirse para cometer un acto ilegal sin realizarlo, y no siendo acto ilegal el ser espectador, no han infringido dicho precepto.

Veamos, pues, si de la evidencia aparece que los apelantes realizaron alguno de los actos a que se refiere dicha sección 5ª.

El primer testigo de la acusación Fernando Reyes dice. en resumen respecto a estos extremos, que Juan Santiago es dueño de la gallera donde estaban reunidos los tres apelantes y otros más; que en ella cogieron gallos preparados para pelear; que no vió apuestas de ninguna clase; que dichos individuos estaban preparándose para echar una pelea de gallos; que no vió a los apelantes en esas funciones ni que tuvieran gallos en la mano y que no llegó a realizarse ninguna pelea, ni encontró ningún gallo herido.

Alfredo Vega dijo que los apelantes estaban en una gallera; que tenían gallos allí y que por eso no corrieron como hicieron otras personas; que estaban reunidos para jugar gallos con éstos preparados y que uno de los otros individuos que acusaron les dijo que no habían empezado todavía a jugar; que los apelantes tenían el propósito de jugar gallos; que sabe que uno de los gallos que había allí era de uno de los apelantes porque ellos se comprometieron a llevar dichas aves al cuartel para que no se estropearan; que Mariano Camacho era uno de los que llevaba los gallos.

Después de la negativa de la corte a absolver a los apelantes por falta de prueba, presentaron éstos evidencia testifical de la que resulta que ellos negaron que tuvieran el propósito de jugar gallos y que los tuvieran allí, y que los que llevaron al cuartel de la policía no eran de ellos. En cuanto a Mariano Camacho reconoció que es gallero.

Creemos que respecto a Mariano Camacho y Santiago Fernández, el hecho de estar dentro de la gallera cuando llegó allí la policía no demuestra que se hubieran reunido con el propósito de iniciar, promover o echar una pelea de gallos o de realizar acto de ayudante, árbitro o principal o para tomar parte en alguna pelea, o para ayudar a ello, y no habiéndose probado, por tanto, que se reunieran con el fin de realizar acto alguno ilegal de los contenidos en la sección 5ª. a que hemos hecho referencia, no podemos declarar que hayan cometido delito alguno y deben ser absueltos sin mayor consideración del caso en cuanto a ellos, ya que el hecho de que Camacho sea gallero no significa por sí mismo que tratara de jugar gallos en la forma que expresa dicha ley.

Por lo que hace a Juan Santiago se ha probado algo más, o sea que era el dueño de dicha gallera, y aun cuando el testigo Reyes dijo que este apelante estaba preparándose para echar una pelea de gallos, sin embargo declaró también que no lo vió en estas funciones, ni que tuviera gallos en la mano y no dió relato de cómo pudo deducir que estaba preparándose para echar la pelea. El mero hecho de tener una gallera y de encontrarse dentro de ella algunos gallos preparados para pelear y algunas personas allí reunidas, no lleva necesariamente a la conclusión de que estaban reunidas con el objeto de realizar alguno de los actos que según la ley constituyen el acto ilegal de jugar gallos por lo que la prueba también es insuficiente en cuanto a la culpabilidad de este apelante. Quizás estaban reunidos con ese propósito, pero la prueba no lo demostró.

La sentencia debe ser revocada y dictarse otra absolutoria.

> *Revocada la sentencia apelada y absueltos*
> *los acusados.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf, del Toro y Hutchison.